**Stanley Oscar BROWN, Plaintiff,**

**v.**

**Edward PENA, Jr., Director, Equal Employment Opportunity Commission, Defendant.**

**No. 77–397–Civ–JLK.**

United States District Court, S. D. Florida.

Dec. 22, 1977.

Stanley Oscar Brown pro se.

U. S. Attorney's Office, Miami, Fla., for defendant.

### ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the plaintiff's motion to proceed upon appeal *in forma pauperis.* The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be denied. The court declines to provide a certificate that the appeal is taken in good faith.

The plaintiff brought suit against the Director of the Equal Employment Opportunity Commission as a result of the dismissal of two employment discrimination charges filed with the Miami District Office. The charges claimed that the plaintiff had been discriminated against because of his religion. An E.E.O.C. affidavit exe-

cuted by the plaintiff and filed with this court as an exhibit reveals that the charges were based upon the plaintiff's "personal religious creed" that "Kozy Kitten People/Cat Food . . . is contributing significantly to [his] state of well being . . . [and therefore] to [his] overall work performance" by increasing his energy. These charges were dismissed by the Miami District Office on July 14, 1976, as not falling under the jurisdiction of Title VII because plaintiff failed to establish a religious belief generally accepted as a religion. On August 19, 1976, plaintiff was informed that the General Counsel's Office in Atlanta had also rejected his case for litigation. Plaintiff then filed this suit, which was dismissed without prejudice on March 10, 1977, for lack of subject matter jurisdiction pursuant to *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Subsequently, notice of appeal and this motion to proceed *in forma pauperis* were filed.

■ Proceedings *in forma pauperis* of this nature are governed by 28 U.S.C. § 1915 and by Federal Rule of Appellate Procedure 24. An appeal *in forma pauperis* may not be taken unless the trial court certifies that said appeal is taken in good faith. Even considering the lenient standard of construction accorded *pro se* complaints, a motion to proceed *in forma pauperis* is not automatically granted in the Fifth Circuit. *Strode v. Mississippi,* 456 F.2d 1295 (5th Cir. 1972). According to 28 U.S.C. § 1915(d) (1966), a case may be dismissed "if the allegation of poverty is untrue, or if [the court is] satisfied that the action is frivolous or malicious." Indeed, it has been held that "dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(d) is appropriate to prevent abuses of the processes of the Court." *Serna v. O'Donnell,* 70 F.R.D. 618, 621 (D.C.Mo.1976) (citation omitted).

■ The term frivolous, being at least arguably subjective, has been open to extensive interpretation. The Eighth Circuit, for example, has developed a substantiality test: whether there "exists substantiality

as to such a claim, of justiciable basis and of impressing reality." *Carey v. Settle,* 351 F.2d 483, 484–5 (8th Cir. 1965). This court has adopted previously a rational argument test employed by the Ninth Circuit: a complaint or appeal "is frivolous only if the applicant can make no rational argument on the law or facts in support of his claim for relief." *Dillingham v. Wainwright,* 422 F.Supp. 259, 261 (S.D.Fla.1976), citing *Blair v. California,* 340 F.2d 741, 742 (9th Cir. 1965). Employing this standard, the court finds that the plaintiff's appeal *sub judice* is frivolous.

In making this determination, the court must look through the record, in effect, to the merits of the plaintiff's complaint, the core of which in this case is the claim of religious discrimination. Therefore, it must be determined *ab initio* whether plaintiff's beliefs qualify for protection as a religion. The statutory definition is unenlightening: "[t]he term 'religion' includes all aspects of religious observance and practice, as well as belief . . ." 42 U.S.C. § 2000e(j) (1974). Neither has the case law concerning the statute interpreted this definition with respect to an individual's noninstitutionalized belief. Therefore, the court must look to the case law defining religion in other contexts and construe this statute by analogy.

■ The Supreme Court has characterized "a 'religious' belief or practice entitled to constitutional protection" as "not merely a matter of personal preference, but one of deep religious conviction, shared by an organized group, and intimately related to daily living." *Wisconsin v. Yoder,* 406 U.S. 205, 215–6, 92 S.Ct. 1526, 1533, 32 L.Ed.2d 15 (1971) (exemption on religious grounds of the Amish from state compulsory education law). Similarly, that Court has construed the term "religious training and belief" as excluding a "merely personal moral code" which is "in no way related to a Supreme Being." *United States v. Seeger,* 380 U.S. 163, 173, 186, 85 S.Ct. 850, 858, 864, 13 L.Ed.2d 733 (1965) (exemption on religious grounds of conscientious objectors under the Universal Military Training and Service Act [50 U.S.C.App. § 456(j) (1958)]).

The Fifth Circuit has identified three major factors which enter into a determination of whether a belief is religious:

> the "religious" nature of a belief depends on (1) whether the belief is based on a theory of "man's nature or his place in the Universe," (2) which is not merely a personal preference but has an institutional quality about it, and (3) which is sincere.

*Brown v. Dade Christian Schools, Inc.,* 556 F.2d 310, 324 (5th Cir. 1977) (dissent) (citations omitted) (alleged exemption on religious grounds from desegregation laws). It is significant that throughout these carefully reasoned opinions runs the exclusion of unique personal moral preferences from the characterization of religious beliefs. Plaintiff's "personal religious creed" concerning Kozy Kitten Cat Food can only be described as such a mere personal preference and, therefore, is beyond the parameters of the concept of religion as protected by the constitution or, by logical extension, by 42 U.S.C. § 2000e et seq.

Since plaintiff's belief in pet food does not qualify legally as a religion, the Equal Employment Opportunity Commission acted correctly in declining to pursue his charges of employment discrimination on religious grounds. Even if the appellate court were to grant plaintiff's appeal and find that this court did have subject matter jurisdiction, it would still be well within the E.E.O.C.'s discretion to determine that plaintiff's creed does not constitute a generally accepted religious belief within the ambit of Title VII. Therefore, plaintiff can make no rational argument on the law or facts which would enable him to prevail on appeal, and it is

ORDERED and ADJUDGED that appeal in this cause be and the same is hereby certified as without merit and, consequently, not taken in good faith. It is further

ORDERED and ADJUDGED that the motion to proceed *in forma pauperis* be and the same is hereby denied.