622 So.2d 819 (1993)
Jacqueline CARR
v.
CITY OF NEW ORLEANS, et al.
No. 93-CA-0262.
Court of Appeal of Louisiana, Fourth Circuit.
July 27, 1993.
*820 Jacqueline Carr, in pro. per.
Robert E. Kerrigan, Jr., Joseph L. McReynolds, Deutsch, Kerrigan & Stiles, New Orleans, for defendants/appellees.
Before PLOTKIN, JONES and LANDRIEU, JJ.
PLOTKIN, Judge.
Plaintiff Jacqueline Carr (Carr) appeals from the dismissal of her suit on a motion for summary judgment. The issues for review are whether the trial court erred in granting summary judgment where a stay order was in place and whether genuine issues of material fact remain as to invasion of privacy and fraud.
On December 1, 1989, while a jury was deliberating over Carr's fate in an unrelated criminal trial, law enforcement officials received a tip from a confidential informant alleging that Carr had made reservations under the name "J. Carrson" on a Delta Air Lines (Delta) flight bound for New York the following morning. The officials contacted Delta employee Beverly Minor (Minor) to confirm the tip. After consulting Delta's disclosure guidelines, Minor called the law enforcement officials and gave them the flight information of "J. Carrson." The information in question *821 was later faxed to the officials by an unknown Delta employee. Upon being informed of the circumstances surrounding the scheduled flight of "J. Carrson," the criminal court raised Carr's bail to $250,000, and ordered her to surrender her passport and remain in the jurisdiction of the court. The criminal court later determined that Carr was not a fugitive flight risk.
On December 4, 1990, Carr filed a petition for damages in the Federal District Court for the Eastern District of Louisiana, asserting claims against, among others, Delta, Minor, and an unnamed Delta employee (hereinafter referred to collectively as "defendants"). On March 27, 1991, Carr filed a similar petition in state court, alleging that defendants violated her privacy interests, committed fraud or misrepresentation, and violated company policy by releasing her plane reservation to law enforcement officials.
On May 16, 1991, defendants filed a stay order, pursuant to La.C.Civ.P. art. 532, pending resolution of Carr's federal court action. Carr filed a response in which she consented to a stay of the state court proceedings. The proceedings were formally stayed June 25, 1991.
On November 6, 1991, the federal court granted summary judgment in favor of defendants. On August 10, 1992, Carr filed a motion to lift the stay order in the state proceeding. Defendants were ordered to show cause October 16, 1992 why the stay should not be lifted.
On August 24, 1992, defendants filed a motion joining Carr's motion to lift the stay order, together with a motion for summary judgment. Hearing on defendants' motions was set for October 16, 1992, the same date that Carr's motion to lift the stay order was scheduled for hearing. On October 6, 1992, Carr filed an exception of unauthorized use of summary proceedings, arguing that defendants' motion for summary judgment violated the court's stay order. The next day, Carr filed a motion to continue the summary judgment hearing until the stay order was vacated. This motion was granted, and hearing on defendants' motion for summary judgment was rescheduled for November 13, 1992. Then, on November 12, 1992, Carr filed a timely notice of appeal in the federal court.[1]
On November 13, 1992, a hearing on defendants' motion for summary judgment was held and both parties concede that the stay order was lifted by minute entry at this time. Summary judgment was granted November 18, 1992, dismissing Carr's suit with prejudice. Carr subsequently brought this appeal. We affirm.
Carr argues that defendants' motion for summary judgment violated the stay order because it was filed before that order had been formally lifted. We find no merit to this argument. As outlined above, Carr filed a motion to lift the stay order on August 10, 1992, and defendants were subsequently ordered to show cause October 16, 1992, why the stay should not be lifted. Defendants then filed a motion joining Carr's motion to lift the stay order, together with a motion for summary judgment. Hearing on defendant's motions was set for October 16, 1992.
However, on October 6, 1992, Carr filed an exception of unauthorized use of summary proceedings, arguing that defendants' motion for summary judgment violated the court's stay order. The next day, Carr filed a motion to continue the summary judgment hearing until the stay order was vacated. This motion was granted, and hearing on defendants' motion for summary judgment was rescheduled for November 13, 1992. Then, on November 12, 1992, one day before the hearing on defendants' motion for summary judgment, Carr filed a response in which she requested ten days written notice of the lifting of the stay order prior to proceeding with defendants' motion for summary judgment. Despite this last minute request, the hearing on summary judgment proceeded as scheduled, the stay order was lifted, and *822 Carr's action was dismissed. At no time did Carr withdraw her motion to lift the stay order, and nothing in the record indicates that she was deprived of her opportunity to oppose defendants' motion for summary judgment. Furthermore, because the motion to lift the stay order was granted in open court, and not taken under advisement, Carr was not entitled to the ten day notice required in La.C.Civ.P. art. 1914. Doolan v. Doolan, 349 So.2d 980, 982 (La. App. 3rd Cir.1977).
Carr also argues that summary judgment was inappropriate because genuine issues of material fact remain as to whether Delta invaded her privacy or committed fraud.[2] We disagree.
Carr's opposition to defendants' motion for summary judgment provided:
Jacqueline Carr ... opposes the Motion for Summary Judgment, on the basis that the Motion for Summary Judgment was served September 16, 1992, prior to the lifting of the stay and/or lis pendens; plaintiff has not received written notice of the order lifting stay, allowing the parties to proceed, as required by [La. C.Civ.P.] Articles 1913 and 1914 * * * and the summary judgment is currently on appeal in * * * United States District Court for the Eastern District of Louisiana * * *
Based on this pleading, it appears that Carr's opposition to defendants' motion for summary judgment consisted solely of the procedural argument which we rejected above. Nothing in Carr's opposition indicates that the trial court was asked to determine whether genuine issues of material fact remained as whether defendants invaded her right of privacy or committed fraud. We will, however, examine these issues briefly.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.Civ.P. art. 966.B. All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Schroeder, 591 So.2d at 345. Likewise, all properly filed allegations of the party opposing the motion must be taken as true and all doubt resolved in his favor. Id.
Carr directs most of her arguments on appeal to the issue of whether defendants invaded her privacy. In Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1388-89 (La.1979), the Louisiana Supreme Court recognized a La.C.C. Art. 2315 cause of action for invasion of privacy.[3]Jaubert held that the right of privacy embraces four different interests, each of which may be invaded in a distinct fashion: (1) the appropriation of an individual's name or likeness for the use or benefit of the defendant; (2) unreasonable intrusion upon the plaintiff's physical solitude or seclusion; (3) publicity which unreasonably places the plaintiff in a false light before the public; and (4) unreasonable disclosure of embarrassing private facts. Id. at 1388. An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. Id. at 1389. The reasonableness of the defendant's conduct is determined by balancing the plaintiff's interest in protecting his privacy from serious invasions with *823 the defendant's interest in pursuing his course of conduct. Id.
Both parties allege the same facts: Minor received a call from law enforcement officials requesting flight information, consulted Delta's disclosure guidelines, and then disclosed the requested information; an unnamed Delta employee later faxed this information to the officials. Carr has failed to explain how these actions violated one of the four interests embraced by the right of privacy. As defendants point out, there are no regulations or statutes prohibiting the disclosure of airline reservations to law enforcement officials. Even if Delta employees violated the company's internal guidelines,[4] as Carr alleges, these violations would not give rise to a legally enforceable cause of action. We conclude that the undisputed facts of this case are sufficient to support summary judgment in favor of defendants on the issue of invasion of privacy.
Carr also asserts that a genuine issue of material fact remains as to whether defendants committed fraud or misrepresentation. Carr has made little attempt to develop this claim, either below or on appeal, but it appears to be based on a January 8, 1990, letter in which Delta representative Judith Gorham informed Carr that "Delta did not provide anyone with a written or faxed verification of these reservations." Delta admits in brief that this statement was in error, but alleges that Gorham, who worked in Delta's home office in Atlanta, was unaware that the information had been faxed. The record reveals that prior to Gorham's statement, Delta had readily admitted to Carr that the flight information had been orally conveyed to law enforcement officials. Having informed Carr of its oral disclosure, we fail to see how Gorham's subsequent erroneous representation that the information had not been faxed gives rise to a claim of fraud or misrepresentation. Under the facts alleged, summary judgment was appropriate on this issue.
When a motion for summary judgment has been made and supported, the party opposing the motion may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. La.C.Civ.P. art. 967. As mentioned above, Carr offered nothing to show that a genuine issue remains for trial. Having failed to counter defendants' showing that summary judgment was appropriate, defendants were entitled to judgment as a matter of law.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Although Carr's federal court dismissal was rendered November 6, 1991, the judgment was not signed until October 22, 1992.
[2] Carr frames one of her issues for appeal as being whether Delta's actions constituted an unfair and deceptive trade practice. However, her brief presents no argument on this issue, and it does not appear to have been asserted as a cause of action in her petition for damages.
[3] In her appellate brief, Carr states that she is asserting a claim for breach of privacy under Article I, Section 5 of the Louisiana Constitution. Carr's constitutional claim is inapplicable here, where the defendants are private parties. See McCrory v. Rapides Regional Medical Center, 635 F.Supp. 975 (W.D.La.1986), aff'd, 801 F.2d 396 (5th Cir.1986).
[4] Delta guidelines filed in the record provide: "Passenger information requested by representatives of ... law enforcement ... agencies, may be furnished orally or summarized in writing... after proper identification has been established. However, the originals of such records should not be released in the absence of a subpoena ..."