**In re Laura BROWN, d/b/a Brown Janitorial, Debtor.**

**Frederick GOULD, Plaintiff,**

v.

**Laura BROWN, d/b/a Brown Janitorial, Defendant.**

**Bankruptcy No. 90–5425–8P7. Adv. No. 90–528.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 1, 1991.

O.B. Stansell, Jr., Tampa, Fla., for plaintiff.

Harvey Paul Muslin, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS is an adversary proceeding filed in the above-captioned Chapter 7 case by Frederick Gould (Plaintiff) against Laura Brown, d/b/a Brown Janitorial (Debtor). The matter under consideration is the Debtor's Motion seeking imposition of sanctions against the Plaintiff. The Court has considered the Motion, together with the record, and finds the facts relevant to a resolution of the Motion as appear from the record are as follows:

The Debtor filed her voluntary Petition for Relief under Chapter 7 on June 4, 1990. Subsequently, on September 25, 1990, the Plaintiff filed the Complaint initiating this adversary proceeding in which he sought, inter alia, an order denying the discharge of the Debtor and a final judgment determining a debt owed by the Debtor to the Plaintiff to be nondischargeable. The Debtor responded by filing a Motion To Dismiss the Complaint on October 18, 1990. Before an order on the Motion To Dismiss was entered, the Plaintiff filed his First Amended Complaint which was followed by a renewed Motion To Dismiss. On December 4, 1990, this Court entered an Order granting the Debtor's Motion To Dismiss the initial adversary Complaint. The Debtor's Motion for Sanctions presently under consideration is filed under Fed.R.Civ.P. 11 and is based on the contention that the First Amended Complaint contains the same causes of action and seeks the same remedies as the initial Complaint which was already dismissed by the Court.

The Plaintiff's initial Complaint set forth claims in three Counts. In Count I the Plaintiff sought an "exception to discharge" pursuant to § 727(a)(4) (sic). Count II also sought an exception to discharge pursuant to § 523(a)(2). Count III sought a declaratory judgment under B.R. 7001 as to whether the Plaintiff could bring a claim against the Debtor for "civil remedy for theft" [sic].

The First Amended Complaint filed by the Plaintiff also contains three Counts. In Count I the Plaintiff seeks relief under § 727(a)(4). Count I contains substantially the same allegations that were included in Counts I and II of the initial Complaint. In Counts II and III of the First Amended Complaint, the Plaintiff seeks relief under §§ 727(a)(2) and (a)(3), respectively. While the relief sought under these last Counts was not previously sought in the initial Complaint, the Plaintiff essentially copied the language from §§ 727(a)(2) and (a)(3) in fashioning the claims set forth in Counts II and III, without setting forth distinct facts regarding the Debtor.

■ The Motion under consideration is premised on Fed.R.Civ.P. 11. It should be noted first that Fed.R.Civ.P. 11 does not apply to adversary proceedings or in contested matters filed pursuant either to Part VII of the Bankruptcy Rules or Bankruptcy Rule 9014. Bankruptcy Rule 9011, which is similar, albeit not completely identical, to Fed.R.Civ.P. 11, is known as the certification rule. This Rule provides that the signature of an attorney or a party constitutes a certification that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument, and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay. The Rule further provides that if a document is filed in violation of the Rule, the Court may impose appropriate sanctions.

There is nothing before this Court which would warrant the finding that the claim asserted in the initial Complaint or in the Amended Complaint was not well grounded in fact even though it was not articulated well enough to make it legally sufficient. Neither is there anything in the original or Amended Complaint which warrants the conclusion that the claim, if properly plead, is not supported by existing law. Both the initial and the Amended Complaints were dismissed without prejudice only because they were legally insufficient, but the defect was found to be cureable by a properly plead amended complaint. Thus, clearly there is a possibility that counsel might state a viable claim under the applicable law dealing with exceptions to discharge. Based on the foregoing, it is evident that no imposition of sanctions is warranted pursuant to Bankruptcy Rule 9011.

■ This conclusion, however, does not end the inquiry and the Court is still entitled to consider whether or not counsel should be sanctioned for filing the First Amended Complaint in which counsel merely attempted to almost verbatim replead the initial complaint and did not even attempt to cure the defects which had been found to exist in the original Complaint. As a result, counsel for the Plaintiff did unreasonably multiply the proceedings by requiring the Court to review two Complaints and hold hearings on two Motions To Dismiss. Thus, the Court is satisfied that the imposition of some amount of sanctions pursuant to 28 U.S.C. § 1927 is appropriate. This Section provides as follows:

Any attorney or other person admitted to conduct cases in a Court of the United States or any Territory thereof who so multiplies the proceeding in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses and attorney fees reasonably incurred because of such conduct.

There is no question that § 1927 applies to cases filed under Title 11. *Gokey v. McIntosh (In re McIntosh)*, 94 B.R. 705 (D.Colo.1988); *Robb v. Sowers (In re Sowers)*, 97 B.R. 480 (Bankr.N.D.Ind.1989). Since the Court finds that the Plaintiff's filing of the First Amended Complaint unreasonably multiplied the proceedings in this case, the Court is satisfied that it is appropriate to impose a sanction under 28 U.S.C. § 1927 against the Plaintiff's lawyer, O.B. Stansell, Jr., in the amount of $300.00 to be paid to Debtor's attorney, Harvey Paul Muslin, on behalf of the Debtor for time spent in preparing the Motions to Dismiss and attendance at the hearings on same.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion for Sanctions be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that O.B. Stansell, Jr., shall pay the sum of $300.00 as sanctions to Harvey Paul Muslin, Esq., attorney for Debtor, Laura Brown, d/b/a Brown Janitorial within thirty (30) days of the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event O.B. Stensell, Jr., fails to comply with the terms of this Order, this Court will take such further action as is necessary to enforce its terms.

DONE AND ORDERED.