Thomas P. O'REAR, Plaintiff,

v.

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, INC., et al., Defendants.

No. 91–148–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Oct. 15, 1992.

· Kimberly J. Lee, Paul A. Nelson, P.A., Tampa, Fla., for plaintiff.

Andrew Lamar Granger, Mang, Rett & Collette, P.A., Tallahassee, Fla., William C. Humphreys, Jr., Mary C. Gill, Alston & Bird, Atlanta, Ga., for defendants.

## ORDER AWARDING ATTORNEY'S FEES AND EXPENSES

KOVACHEVICH, District Judge.

This cause is before the Court on the joint application of defendants' counsel—MANG, RETT, & COLLETTE of the Florida Bar, and ALSTON & BIRD of the Georgia Bar—for an award of attorneys' fees and expenses. It is opposed as to award and amount by plaintiff's counsel—PAUL A. NELSON.

This action was brought by Plaintiff, THOMAS P. O'REAR, originally naming only AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, INC.

(American Family) as a defendant and included claims for: 1) breach of contract; 2) violation of covenant of good faith and fair dealing; and 3) fraud and misrepresentation.

Upon service of the summons and complaint, American Family filed motions to dismiss and to strike. The plaintiff, in response, conceded that Counts I and III of the complaint were deficient and moved for leave to amend. The Court granted the leave to file the amended complaint.

The first amended complaint again named AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, INC. as the sole defendant and replead the same three (3) counts (breach of contract, violation of implied covenant of good faith and fair dealing, and fraud and misrepresentation) without substantial difference from the original complaint.

Defendant, American Family, again filed a motion to dismiss and an alternative motion to strike portions of Counts I and III. A response was then filed by Plaintiff admitting that, though he made a good faith effort, the first amended complaint may have fallen short of the "particularity" requirements of Rule 9, Fed.R.Civ.P. as to Count II and yet again asked for leave to amend Count III.

Without waiting for the Court's order, a second amended complaint was filed, which named as additional defendants the trustees of AMERICAN FAMILY LIFE ASSURANCE COMPANY ASSOCIATE STOCK BONUS PLAN, in their individual and representative capacities. The second amended complaint also contained nine causes of action, six of which were added to the original three causes of action plead in the first complaint.

Defendants filed a motion to dismiss the second amended complaint. In response, Plaintiff voluntarily dismissed Counts I, II, IV, V, VI, VII, VIII and IX of the seconded amended complaint, seeking to amend all counts except VI, but requested that the motion to dismiss Count III be denied.

This Court, in an order dated October 18, 1991, found that the fraud claim (Count III) of the second amended complaint was insufficiently plead and granted the motion to dismiss as to that count.

Plaintiff admitted that "oversight and inadvertence" resulted in "repeated failure(s) to cure deficiencies by amendments previously allowed." This, in turn, resulted in a considerable expenditure of time and effort for the Court, as well as the defendants, in researching, preparing, and filing the three (3) motions to dismiss.

In the order of October 18, 1991, this Court determined that if Plaintiff's counsel chose to file a third amended complaint, he would pay costs and attorney's fees for unreasonably multiplying the proceedings. Furthermore, the court determined that if a motion to dismiss was upheld in whole or in part against the Third Amended Complaint, Plaintiff's attorney would compensate Defendants for any further costs and fees which resulted from preparing their response to the third amended complaint. Plaintiff then elected to file a third amended complaint which was dismissed in part. Accordingly, this Court grants Defendants attorneys' fees under 28 U.S.C. § 1927, for the time expended in preparation of the first three (3) motions to dismiss. No fees were submitted for the motion to dismiss the third amended complaint and are therefore, not included.

The fee application submitted by defendants seeks an award in the amount of $36,280.50. The number of hours for which compensation is sought and the hourly rates requested are as follows:

**MANG, RETT, & COLLETTE, P.A.**

| ATTORNEYS | STATUS | HOURLY RATE | HOURS | FEE |
|---|---|---|---|---|
| Granger, Andrew | Associate | $125.00 | 45.9 | $ 5,737.50 |
| Mang, Douglas A. | Partner | 175.00 | 4.0 | 700.00 |
| Malano, Steven M. | Associate | 125.00 | .9 | 112.50 |
| Collette, Charles T. | Associate | 125.00 | 1.9 | 237.50 |
| Dougherty, Edward W. | Associate | 125.00 | 43.8 | 5,475.00 |
| ATTORNEYS' TOTAL | | | | $12,262.50 |

| | | | | |
|---|---|---|---|---|
| Amos, Kristin C. | Paralegal | 40.00 | .3 | 12.00 |
| Brown, Charles W. | Legal Assistant | 60.00 | 2.1 | 126.00 |
| Russell, Wendy A. | Legal Assistant | 50.00 | 72.2 | 3,610.00 |
| ASSISTANTS' TOTAL | | | | $ 3,748.00 |
| FIRM'S TOTAL | | | | $16,010.50 |

**ALSTON & BIRD**

| | | | | |
|---|---|---|---|---|
| Humphreys, Jr., William C. | Partner | $235.00 | 28.9 | $ 6791.50 |
| Gill, Mary | Associate | 180.00 | 53.1 | 9558.00 |
| Kenny, Michael | Associate | 170.00 | 11.9 | 2023.00 |
| Lettes, Louis | Associate | 130.00 | 12.0 | 1560.00 |
| ATTORNEYS' TOTAL | | | | $19,932.50 |
| COMBINED TOTAL | | | | $34,943.00 |

---

## ATTORNEYS' FEES:

### STATUTORY BASIS

Plaintiff alleges that the Court can not award attorneys' fees under 28 U.S.C. § 1927 because Plaintiff did not deliberately or intentionally act to unreasonably or vexatiously multiply the proceedings. As the Seventh Circuit explained, "[t]he purpose of ... section 1927 is to deter frivolous litigation and abusive practices by attorneys ... and to ensure that those who create unnecessary costs also bear them." *Kapco Mfg. Co., v. C & O Enterprises, Inc.*, 886 F.2d 1485 (7th Cir.1989) (citations omitted). Moreover, the Supreme Court stated in *Roadway Express v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1979), that 28 U.S.C. § 1927 was concerned "only with limiting the abuse of court processes" and recognized· "the inherent power of a court to levy sanctions in response to abusive litigation practices." *Roadway Express* at 762–765, 100 S.Ct. at 2462–2463.

■ Although the defendant has cited several cases requiring a showing of subjective bad faith on the part of the attorney, the Court finds that according to the statute all that is necessary is a showing that the attorney acted "unreasonably and vexatiously" by multiplying the proceedings. 28 U.S.C. § 1927 (1980). See *Piljan v. Michigan Dept. of Social Services*, 585 F.Supp. 1579 (E.D.Mich.1984) (Court determined section 1927 required a deliberate delay of the progress of the case and that lack of competence did not justify a section 1927 sanction).

In *Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir.1990), the Ninth Circuit upheld sanctions against a plaintiff under 28 U.S.C. § 1927 for bad faith conduct when she sought to amend her complaint that contained no claim for relief and was substantially the same as the complaint previously dismissed. *See also, Stewart v. City of Chicago*, 622 F.Supp. 35 (D.C.Ill.1985) (plaintiff's counsel acted in bad faith and was sanctioned under 28 U.S.C. § 1927 for repleading the same deficient claims up to and including the second amended complaint).

In the bankruptcy division of this court, the counsel for plaintiff was sanctioned under 28 U.S.C. § 1927 for unreasonably multiplying the proceedings when he repleaded verbatim an initial complaint. Counsel's behavior required the court to review two complaints and hold hearings on two motions to dismiss. *In Re Brown*, 126 B.R. 615 (Bkrtcy.M.D.Fla.1991).

■ Plaintiff's counsel's behavior in the present case is almost identical to that exhibited by the plaintiffs in *Wages* and *Brown*. Plaintiff's counsel has continually realleged the same counts in two amended

complaints, without substantial difference. This Court, in the order dated February 25, 1992, characterized counsel's behavior as a "fishing expedition." Furthermore, counsel, without the Court's permission, brought in defendants who subsequently had to be dismissed. By the third amended complaint, counsel finally alleged two counts against American Family. However, this was only after considerable amounts of time and research were expended by Defendants' counsel and the Court. The Court therefore finds the counsel for the Plaintiff's behavior to be objectively in bad faith, as well as vexatious, and, accordingly, sanctionable under 28 U.S.C. § 1927.

### CALCULATION OF ATTORNEYS' FEES
### STANDARD OF REVIEW:
### REASONABLENESS

◼ In *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988), this circuit refined the standard to be used when determining attorneys' fees according to the "evolving standards of the Supreme Court." Prior to *Norman*, the Eleventh Circuit relied largely upon the twelve factors articulated in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974). However, as the *Norman* decision confirmed, the emphasis of the decision to award attorneys' fees should be placed upon the more objective lodestar approach. The Supreme Court has determined that the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1933). The resulting product is presumed to be a reasonable fee. See *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

#### Reasonableness of Hourly Rate

The *Norman* court began the analysis by determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547 n. 11). The Eleventh Circuit went on to clarify that "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* at 1299 (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987).). According to the Eleventh Circuit, other factors may be considered by a court, such as: 1) direct evidence of fees charged by *other* lawyers in similar lawsuits; 2) opinion evidence; and 3) the twelve factors enumerated in *Johnson* "to the extent that they suggest that comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered the court." *Id.* at 1299–1300 (emphasis added). See *also*, *Tufaro v. Wille*, 756 F.Supp. 556 (S.D.Fla. 1991).

◼ Plaintiff's counsel alleges that American Family has failed to adequately support its hourly rate requests. The Court disagrees. An affidavit was submitted by Mary Gill of the firm Alston & Bird and by Marvin Barkin, a shareholder of the firm Treman, Simmons, Kemker, Scharf, Barkin, Frye & O'Neil, P.A. attesting to the hourly rates normally charged clients. As the court in *Norman* expressly emphasized, "satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman* at 1299 (citing *Blum v. Stenson*, 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11). "It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Norman* at 1299. Although the affidavit of Mary Gill, counsel of record, is unpersuasive as to the reasonable hourly rate, the affidavit of Marvin Barkin, Esq. is objective evidence of fees charged by other lawyers in similar lawsuits.

◼ The Court agrees with Mr. Barkin that the rates submitted by Mang, Rett, & Collette were generally reflective of the prevailing market rates in Tampa and that

Alston & Bird's rates were perhaps five percent (5%) higher. As a result, he suggested a combined total of fees in the amount of $27,000.00. A recent Florida Bar survey suggests that $150.00 an hour was the median hourly fee charged by an attorney in this state. *Typical Florida Lawyer Pulls Down $70,000 a Year*, The Florida Bar News, July 1, 1992, at 5. Individual consultation with law firms involved in similar suits confirms that the standard hourly rate for partners is $175.00— $200.00 per hour, $150.00—$160.00 per hour for senior associates, $125.00 per hour for junior associates, $50.00—$75.00 per hour for legal assistants, and $40.00 per hour for paralegals. Without further evidence to the contrary, this Court therefore determines the prevailing community rates to be $175.00, $155.00, $125.00, $50.00 and $40.00 respectively.

*Reasonableness of Requested Hours*

"The next step in the computation of the lodestar is the ascertainment of reasonable hours. *Hensley* teaches that 'excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed.'" *Norman* at 1301 (citing *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S.Ct. at 1939–1940). As the Supreme Court stated, the applicant should exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. at 437, 103 S.Ct. at 1941.

■ Plaintiff's counsel alleges that several of the hours American Family has submitted are excessive. The Court agrees. When a court awards sanctions under 28 U.S.C. § 1927, it must make sure that the amount of the sanction is a carefully measured response to the sanctioned conduct. *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485 (7th Cir. 1989). The Fifth Circuit has made clear that the penal nature of section 1927 should be strictly construed so as to allow only for excess costs incurred by an attorney's vexatious behavior and consequent multiplication of the proceedings. *Rogers v. Kroger Co.*, 586 F.Supp. 597 (S.D.Tex. 1984) (citing *Monk v. Roadway Express, Inc.*, 599 F.2d 1378 at 1382 (5th Cir.1979)). Therefore, any costs or fees that were not awarded as part of the sanctioned conduct would be "excess" costs and would be excessive under the rationale of *Norman*.

■ American Family and both firms involved in its defense have submitted the actual hours billed, but they have failed to break out the "excess" costs they incurred as a result of the counsel for Plaintiff's vexatious behavior. In the February 25, 1992 order on motions, this Court previously questioned the fee dated March 8, 1991, "continuation preparation of response to motion to amend." This Court also determined in the order dated February 25, 1992, that Plaintiff's counsel would pay costs and attorneys' fees only for the preparation of the first three (3) motions to dismiss. The award of attorneys' fees was not for responding to the motion to amend and American Family has brought forth no new explanation of the charge. Moreover, this Court finds excessive all of the various attorney conferences, the copying charges and the extra time spent researching. As the court stated in *Norman*, "excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client ..." *Norman*, 836 F.2d at p. 1301. The Court therefore concludes that these charges are excessive and not part of the "excess" costs incurred defending against the sanctioned conduct.

For the above reasons the Court reduces the following hours claimed by defendants' counsel:

**MANG, RETT & COLLETTE, P.A.**

| Andrew Granger (ALG) | Hours reduced |
|---|---|
| 1. "conference with DAM regarding trial strategy" | 1.0 |
| 2. "continue preparation of response to motion to amend;" | .50 |
| 3. "conference with WAR" | .20 |
| 4. "preparation of motion for enlargement; telephone call with P. Nelson" | 1.30 |
| 5. "Review of authorities regarding Statute of Frauds; parol evidence rule; | 5.00 |

6. "conference with EWD"     .40
7. "conference with EWD"     .30
8. "Telephone call with B. Humphries and M. Gill"     .50
TOTAL     9.20

**Douglas A. Mang (DAM)**     **Hours Reduced**

1. "Review of file; conference with ALG; conference call     2.50
2. "attorney conference;"     1.0
TOTAL     2.50

**Steven M. Malano (SMM)**

1. "Westlaw research on contractual cases regarding unreported Federal case cited by T. O'Rear"     .60
TOTAL     .60

**Charles T. Collette (CTC)**

1. "Review O'Rear's response to our most recent motion to dismiss, research same, and confer with ALG thereon;" (reduced only partially)     .50
TOTAL     .50

**Edward W. Dougherty (EWD)**

1. "Telephone conference with M. Gill; telephone conference with M. Kinney;"     .60
TOTAL     .60

**Charles W. Brown (CWB)**

1. "copy cases at law library, shepardizing Federal cases"     2.10
TOTAL     2.10

**Wendy A. Russell (WAR)**

1. "Re: sufficiency of pleadings and copied cases"     3.50
2. "Suf of pleadings; confer with EWD on count 4; wrote memo count 5;"     7.00
3. "Suf of pleadings; proofed 5/6; wrote memo, count 6/7 & 8;"     7.00
4. "Research Count 5 (10b–5) additional point and conference with EWD on research; copied additional cases after hours;"     5.00
TOTAL     22.50

## ALSTON & BIRD

**William C. Humphreys, Jr.**     **Hours Reduced**

1. "Telephone conference with Jeff Willis; Telephone conference with Andy Granger; review and revise Motion to Dismiss; review new statute regarding pendent jurisdiction."     3.8
2. "Telephone conference with Gardner and Ed Dougherty; further revision of Brief following their comments and suggestions."     4.5
3. "Telephone conference with Mike Kenny; revise RICO brief; conference with Steve Smith and Jeff Willis regarding briefs."     .8
TOTAL     9.1

**Mary Gill**

1. "Conference with Louis Lettes; research regarding motion to dismiss"     3.9
TOTAL     3.9

**Michael Kenny**

1. "Telephone conference with E. Daugherty to plaintiff's alleged RICO cause of action"     .3
TOTAL     .3

**Louis Lettes**

1. "Conference with Mary Gill re Motion to Dismiss."     .3
TOTAL     .3

Plaintiff's counsel has also questioned the amount of time spent by Alston & Bird in preparing only one (1) of the three (3) motions to dismiss. The hours spent by Alston & Bird almost approximate that of Mang, Rett & Collette in preparing two (2) of the three (3) motions to dismiss. "In making adjustments to hours claimed, the district court is charged with deducting for redundant hours. Redundant hours generally occur where more than one attorney represents a client." *Norman* at 1302.

Mary Gill stated in her affidavit that the time spent was necessary because of the short time frame available. Mr. Barkin, however, stated in his affidavit that some of the time billed to American Family may have been duplicative, unnecessary, or excessive in relation to the tasked performed. Mr. Barkin, in his analysis, reduced the rate of Alston & Bird by five percent (5%). After comparing the hours spent and considering the affidavits submitted, the Court feels that Alston & Bird's hours were in part redundant and should be reduced by an additional fifteen percent (15%).

## ACTUAL CALCULATION OF LODESTAR

In light of *Norman* and the foregoing reasons, the Court has concluded that the following represents the reasonable number of hours spent on this litigation, to be compensated at reasonable and customary rates:

### MANG, RETT & COLLETTE

| STATUS | HOURLY RATE | HOURS | FEE |
|---|---|---|---|
| Partner | 175.00 | 1.5 | $ 262.50 |
| Junior Associates | 125.00 | 81.6 | $10,200.00 |
| Legal Assistants | 50.00 | 49.7 | $ 2,485.00 |
| Paralegal | 40.00 | .3 | $ 12.00 |
| FIRM'S TOTAL | | | $12,959.50 |

### ALSTON & BIRD

| STATUS | HOURLY RATE | HOURS | FEE |
|---|---|---|---|
| Partner | 175.00 | 16.8 | $ 2,940.00 |
| Senior Associates | 155.00 | 51.7 | $ 8,013.50 |
| Junior Associates | 125.00 | 9.9 | $ 1,237.50 |
| FIRM'S TOTAL | | | $12,191.00 |
| COMBINED TOTAL | | | $25,150.50 |

*Adjustments of the Lodestar*

The Court does not find any exceptional representation on the part of Defendants' counsel and all successful claims, the first three (3) motions to dismiss, have been adequately compensated. *Norman* at 1302.

In accordance with the above, it is hereby

ORDERED and DECREED that:

1. Defendants' attorneys, Mang, Rett, & Collette and Alston & Bird, be awarded, jointly, a total of $25,150.50 for their fees for legal services rendered herein.

DONE and ORDERED.