Roy L. SMARTT, Plaintiff,

v.

FIRST UNION NATIONAL BANK, Ken Thompson, C.E.O., Defendants.

No. 6:02–CV–1117–ORL–18K.

United States District Court,
M.D. Florida,
Orlando Division.

Jan. 29, 2003.

Roy L. Smartt, DeLand, FL, Pro se.

Virginia B. Townes, Carolyn M. Salzmann, Akerman, Senterfitt & Eidson, P.A., Orlando, FL, for Defendants.

## ORDER

G. KENDALL SHARP, Senior District Judge.

This cause comes before the Court on Defendants' motion to dismiss (Doc. 22, filed 21 November 2002), to which Plaintiff has responded in opposition. (Doc. 25, filed 26 November 2002.) Defendants also move for fees and costs under 28 U.S.C. § 1927. (Doc. 22.)

## I. BACKGROUND

*Pro se* Plaintiff Roy Smartt ("Smartt") held a checking account with Defendant First Union National Bank ("First Union") between 1991 and 2001. Defendant Ken Thompson ("Thompson") is First Union's Chief Executive Officer. On 30 January 2001, Smartt requested 46 cancelled checks listed on 31 bank statements. First Union had destroyed the original cancelled checks pursuant to First Union policy and instead issued Smartt copies.

Smartt subsequently unleashed a torrent of frivolous litigation that began with a federal lawsuit against First Union and one of its branch managers.[1] The Court dismissed Smartt's larceny, obliteration of personal property, gross negligence and breach of trust claims with prejudice. Smartt then filed a lawsuit in state circuit

---

1. *Smartt v. First Union and Marcia Jackson,* Case No: 6:99–cv–71–Orl–19A.

court against the same parties, alleging the same facts but claiming damages stemming from negligence, conversion, infliction of emotional distress, fraudulent misrepresentation and obliteration of personal property.[2]

While his first state lawsuit was pending, Smartt filed another suit against First Union and a different bank officer, again alleging similar facts.[3] The state court consolidated the cases and dismissed the claims against the new employee. Smartt then filed a Notice of Removal and brought his case back to federal court.[4] The Court granted First Union's motion for remand and attorneys fees, noting the identical nature of his facts and claims. Upon remand, the state circuit court judge dismissed Smartt's claims because Smartt forged and perjured evidence.[5]

Smartt now appears for the third time before this Court, alleging identical, time-honored facts. This time, Smartt's claims against First Union include negligence, fraud, breach of contract, breach of trust, theft and violation of federal constitutional rights, including the Fourth Amendment, the Fourteenth Amendment and 12 U.S.C. Chapter 35. Smartt also claims breach of contract, fraud and failure to train and supervise First Union employees against Thompson.

## II. DISCUSSION

### A. Grounds for Dismissal

Smartt's case must be dismissed because it is frivolous. The most glaring deficiency

2. *Smartt v. First Union and Marcia Jackson,* Case No: 2000–10386–CIDL.

3. *Smartt v. First Union and Irene Yoho,* Case No: 2001–10300–CIDL.

4. *Smartt v. First Union,* Case No: 6:01–cv–1486–Orl–19DAB.

5. The Court confirmed the previous federal lawsuits by use of its case-tracking system.

of Smartt's complaint is its lack of subject matter jurisdiction. This clear defect mandates dismissal.[6]

### 1. Motion to Dismiss Standard

For purposes of a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Fed R. Civ. P. 12(b)(6); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994). Furthermore, a court must accept all reasonable inferences from the complaint and consider all allegations as true. *Id.* A court may not, however, accept conclusory allegations and unwarranted factual deductions as true. *Gersten v. Rundle,* 833 F.Supp. 906, 910 (S.D.Fla. 1993) (*citing Associated Builders, Inc., v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir.1974)). Only pleadings and attached written exhibits may be considered in making these determinations. *See Fed. R.Civ.P.* 10(c); *GSW, Inc., v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). Unless it appears beyond doubt that a plaintiff can prove no set of facts entitling him to relief, a complaint should not be dismissed for failure to state a claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1484 (11th Cir.1994).

### 2. Subject Matter Jurisdiction

 Smartt's case must be dismissed for lack of subject matter jurisdiction.

The Court confirmed the existence and status of Smartt's state circuit court lawsuits by contacting the Eighteenth Judicial Circuit in and for Volusia County.

6. Due to the clear absence of subject matter jurisdiction, the Court declines to address Smartt's patently frivolous claims individually, including his entire case against Thompson and his oft-litigated claims against First Union.

Subject matter jurisdiction refers to the Court's power to hear a case. Federal courts have limited subject matter jurisdiction, and without it, may not decide a case. *See Ex parte McCardle*, 74 U.S. 506, 514, 7 Wall. 506, 19 L.Ed. 264 (1868). Once the Court determines that jurisdiction does not exist, its sole remaining act is to dismiss the case for lack of jurisdiction. *See University of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Smartt improperly contends that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, the federal jurisdiction statute, and 28 U.S.C. § 1332, the diversity jurisdiction statute.

### a. Federal Jurisdiction

■ Smartt's suit is devoid of federal issues conferring diversity under 28 U.S.C. § 1331. Under 28 U.S.C. § 1331, a district court has jurisdiction over any civil case if it arises under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. Federal jurisdiction exists only when a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (*citing Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). Unassailable precedent dictates that "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully*, 299 U.S. at 112, 57 S.Ct. 96 (Cardozo, J.).

Smartt improperly claims federal jurisdiction under the Fourth Amendment, the Fourteenth Amendment and 12 U.S.C. Chapter 35. Smartt maintains that First Union and Thompson violated his Fourth Amendment right to be secure in his papers and effects, as well as his Fourteenth Amendment rights to due process and equal protection. (Doc. 1 at ¶ 1.)

■ Smartt has not alleged a cause of action under 42 U.S.C. § 1983 or related statutes. These statutes provide a necessary conduit through which Smartt might recover for federal rights violations perpetrated against him. *See, e.g.*, 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985. Even had he made this crucial allegation, however, Smartt's case would still lack federal jurisdiction, as Smartt has failed to allege that either First Union or Thompson were government actors or acting under color of state or federal law. Constitutional violations do not apply to private citizens or corporations unless they act under color of law. *See, e.g., Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (discussing action under due process clause of Fourteenth Amendment and 28 U.S.C. § 1983).

■ Smartt's federal jurisdictional claims under 12 U.S.C. Chapter 35 are also meritless. The Right to Financial Privacy Act ("Act") "seeks to protect the customers of financial institutions from unwarranted intrusion into their records by providing that government access to records be allowed only if pursuant to a valid, written customer authorization after notice to the customer." *In re Grand Jury Proceedings*, 636 F.2d 81, 84 (5th Cir.1981) (citing 12 U.S.C. § 3402). While courts have held that cancelled checks are financial records, Smartt's claim must fail because no cause of action for monetary damages exists against First Union or Thompson under the Act. *See* 12 U.S.C. § 3410(a) (stating that a customer's recourse for improper release of financial records under the Act is a motion to quash or a motion for injunction); *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 316 (M.D.Pa.1994).

### b. Diversity Jurisdiction

■ Smartt's suit also lacks merit under the diversity jurisdiction statute. Un-

der 28 U.S.C. § 1332, a district court has jurisdiction over any civil case if: 1) the parties are "citizens of different States'" and 2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332; *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir.2000). Dismissal under 28 U.S.C. § 1332 is proper where the pleadings make it clear "to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

■ At issue is the matter in controversy. Smartt claims, without factual basis, that his claims against First Union and Thompson exceed $1 million. Using an incomprehensible justification,[7] Smartt values his "loss" of 77 pages of financial records at $10,000 per page. Smartt's repeated lawsuits are grounded in the loss of his cancelled checks; he requested 46 checks, and First Union furnished him with undisputed copies of the originals, which had been destroyed. The other 31 pages of records refer to bank statements, of which there were no alleged originals.

While recognizing that a copy of a cancelled check is not, by definition, a cancelled check, the Court fails to see any significant difference in value. Consequently, the Court concludes that as a legal certainty, Smartt's claim is dramatically less than the requisite jurisdictional amount. As such, his complaint lacks diversity jurisdiction.

7. Smartt's complaint states:
 Any item that defendant fails or refuses to return to the plaintiff, or any item that may be rejected [by the plaintiff] due to some fault on the part of the defendants, Plaintiff will sue "FOR MONEY OWED", [sic] with interests attached *COMMENCING 120 DAY [sic] FROM THE DATE THAT THE DE-*

### B. Attorney's Fees under 28 U.S.C. § 1927

■ Smartt's latest frivolous litigation against First Union and its employees dictates that First Union and Thompson must be awarded their fees and costs. 28 U.S.C. § 1927 ("Section 1927") governs liability for excessive costs and provides that litigants who multiply "the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *Jerelds v. City of Orlando*, 194 F.Supp.2d 1305, 1311 (M.D.Fla.2002). Section 1927 is penal in nature and must be strictly construed. *Id.* The statute delineates three requirements to justify an imposition of sanctions: 1) unreasonable and vexatious conduct; 2) this unreasonable and vexatious conduct must multipl[y] the proceedings; and 3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. *Id.* (*citing McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir.2001)).

■ The word "vexatious" is not defined in the statute. In such circumstances, courts typically read statutory terms to convey their ordinary meaning. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (relying on definition of "prevailing party" in Black's Law Dictionary). Black's Law Dictionary defines the term "vexatious" to mean "without reasonable or probable cause or excuse; harassing; annoying." Black's

*FENDANTS ARE SERVED WITH A COPY OF THIS IMMEDIATE SUIT.* (AS ALREADY STATED: ANY MISSING OR REJECTED ITEM OF PLAINTIFF'S PERSONAL FINANCIAL PROPERTY WILL COST $10,000) (31 + 46 = 77 ITEMS).
(Doc. 1 at ¶ 22) (assorted emphases in original).

Law Dictionary 1559 (7th ed.1999). It further defines "vexatious suit" to mean a "lawsuit instituted maliciously and without good cause." *Id.*

The Eleventh Circuit has not explicitly addressed the issue of whether attorney's fees may be awarded against *pro se* litigants, but has stated that Section 1927 "allows district courts to 'assess attorney's fees against *litigants,* counsel and law firms who willfully abuse the judicial process by conduct tantamount to bad faith.'" *Crenshaw v. City of Defuniak Springs,* 891 F.Supp. 1548, 1559 (N.D.Fla.1995) (*quoting Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir.1991), *cert. denied,* 502 U.S. 1048, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992)) (emphasis added).

 Section 1927's purpose is to deter frivolous litigation and abusive practices by litigants and to ensure that those who create unnecessary costs bear them. *O'Rear v. American Family Life Assurance Co. of Columbus, Inc.,* 144 F.R.D. 410, 413 (M.D.Fla.1992). The Court's "power to impose sanctions under Section 1927 should be exercised 'only in instances of a serious and studied disregard for the orderly processes of justice.'" *Jerelds,* 194 F.Supp.2d at 1312 (*quoting Cruz v. Savage,* 896 F.2d 626, 631–32 (1st Cir. 1990)).

The instant case is a textbook example of such disregard. It represents Smartt's fifth separate action arising out of an issue which the Court is surprised ever saw the inside of a courthouse. The Court dismissed one action and remanded the other, awarding costs under 28 U.S.C. § 1447(c). Furthermore, after consolidation of his almost identical state court actions, the state circuit court dismissed Smartt's claims because he fabricated evidence. In his first four attempts, Smartt did not articulate anything resembling an actionable claim. Smartt's current claims are equally unreasonable, and he must bear the costs and fees expended by First Union to answer them.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. 22, filed 21 November 2002), is **GRANTED WITH PREJUDICE.** Defendants' motion for fees and costs pursuant to 28 U.S.C. § 1927 is **GRANTED.** (Doc. 22.) If the parties are unable to resolve the issue independently, application for fees and costs shall be filed within fourteen (14) days from the date of this Order. Should Plaintiff seek to file another lawsuit against First Union or any of its employees, he is ORDERED to attach a copy of this Order to his Complaint.