**In re OVERSEAS HOLDINGS
LIMITED PARTNERSHIP,
Debtors.**

No. 8:07–bk–10415–ALP.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 26, 2008.

David E. Hammer, David E. Hammer PA, Tampa, FL, for Debtors.

## ORDER ON MOTION TO DETERMINE THE AMOUNT OF FEES, COSTS AND SANCTIONS

(Doc. No. 84)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this dismissed involuntary case is a Motion filed by Overseas Holdings Limited Partnership (OHLP) in which OLHP seeks a determination of the amount of fees, cost and sanctions to be imposed on Ernest B. Haire, III (Haire). The Motion was filed pursuant to Section 303(i)(1)(A)(B), (2)(A)(B) of the Bankruptcy Code which permits the imposition of attorney fees and cost, and under special circumstance, punitive damages in an involuntary case which was dismissed by this Court based on specific findings that the Involuntary Petition was filed in bad faith.

The underlying facts relevant to the resolution of the Motion filed by OHLP as they appear from the record can be summarized as follows.

On October 31, 2007, Haire filed an Involuntary Chapter 7 Bankruptcy Petition pursuant to Section 303 of the Bankruptcy Code against the Debtor, OHLP. On November 21, 2007, OHLP responded to the Involuntary Petition by filing a Motion to Dismiss Involuntary Petition as Filed in Bad Faith and for Costs, Attorneys' Fees and Compensatory and Punitive Damages (Doc. No. 5). On December 4, 2007, this Court at the preliminary hearing on the Motion to Dismiss required the parties to brief the issues raised by the Motion.

On January 18, 2008, this Court entered its Order on the Motion (Doc. No. 16), setting the final evidentiary hearing to establish if Haire filed the Involuntary Petition against OHLP only to collect on a judgment it held against OHLP and/or to prevent the continuing dissipation of OHLP assets by Terri Steffen (Steffen) for the benefit of parties other than Haire. The record reveals that following the entry of the extensive discovery, disputes began between the parties.

OHLP filed its Notice of Taking Deposition of on January 18, 2008 (Doc. No. 17). On the same date, OHLP sent interrogatories to Haire and requested the production of documentation (Doc. Nos. 18 and 19). These events were followed by an Emergency Motion for Protective Order Relating to Unilateral Deposition of Ernest B. Haire, III, being filed by Haire (Doc. No. 24). On January 25, 2008, one day after the Emergency Motion for Protective Order was filed by Haire, OHLP filed its Memorandum in Opposition of the Emergency Motion for Protective Order (Doc.

No. 25). On the same date, Haire filed a Motion to Strike Debtor's Discovery Requests, or, Alternatively, Motion for Extension of Time to Respond to Discovery served on Debtor, OHLP (Doc. No. 28). On January 28, 2008, OHLP filed a Memorandum in Opposition to Petitioning Creditor's Motion to Strike Debtor's Discovery Requests, or Alternatively, Motion for Extension of Time to Respond to Discovery Served by the Debtor (Doc. No. 31). On January 31, 2008, Haire filed a Request for Production of Documents and a Request for Admissions (Doc. Nos. 35 and 36).

On February 1, 2008, OHLP filed its Response and Objection to Haire's request for production of documents (Doc. No. 37). On February 11, 2008, OHLP filed its Motion for Protective Order Relating to Deposition Duces Tecum of Terri Steffen (Doc. No. 42). On the same day, OHLP filed a Motion to Compel Haire to Answer the Interrogatories (Doc. No. 43). On February 14, 2008, OHLP filed a Motion to Compel Haire to Answer Deposition Questions (Doc. No. 50). On February 18, 2008, OHLP obtained and served a Subpoena on Haire to appear at deposition at the United States Bankruptcy Court (Doc. No. 57). On the same date, Haire filed his Emergency Motion for Protective Order (Doc. No. 58). On February 19, 2008, this Court entered its Order Granting the Motion to Compel Haire to Answer Deposition Questions (Doc. No. 60). On the same date, this Court held a final evidentiary hearing on the Motion to Dismiss the Involuntary Petition as Filed in Bad Faith and for Costs, Attorneys' Fees, and Compensatory and Punitive Damages (Doc. No. 5).

On March 24, 2008, OHLP filed its Trial Brief in Support of Involuntary Debtor's Motion to Dismiss Involuntary Petition as Filed in Bad Faith and for Costs, Attorneys' Fees, and Compensatory and Punitive Damages (Doc No. 79). On the same day, Haire filed his Post Trial Brief in Opposition to Debtor's Motion to Dismiss Involuntary Petition (Doc. No. 80). On April 7, 2008, this Court entered its Order on the Motion to Dismiss Involuntary Petition (Doc. No.82). This Court concluded that OHLP had no other creditors other than Haire. Therefore, the Court determined that the sole purpose Haire filed the Involuntary Petition against OHLP was to escape an adverse judgment he might receive in the State Court cases. The Court further determined that the Involuntary Petition was not filed to protect the estate of OHLP, there were no other creditors with interest that needed to be protected, and the fact that the garnishment writ was in force for eight months before the commencement of the involuntary case, belied the contention that Steffen was continuing to dissipate the assets of OHLP. In sum, this Court concluded that the Involuntary Petition was filed for improper purposes and, therefore, was not filed in good faith.

The Order on the Motion to Dismiss deferred consideration of the portion of the Motion to impose sanctions against Haire pursuant to Section 303(i) of the Bankruptcy Code. This Court was unable to act on OHLP's request for sanctions since there was nothing presented at the final evidentiary hearing for this Court's consideration. Based on the same, this Court directed OHLP to submit a detailed request of their legal services rendered in connection with the case. The Order also directed that OHLP shall serve its detailed request to Haire and counsel for Haire, who was given ten (10) days in which to object to the amount of sanctions requested by OHLP.

On April 12, 2008, counsel for OHLP filed its Motion to Determine the Amount of Fees, Cost and Sanctions (Doc. No. 84). On April 22, 2008, Haire filed his Objection

to Debtor's Motion to Determine the Amounts of Fees, Costs and Sanctions (Doc. No. 96). On May 22, 2008, this Court heard arguments of counsel for OHLP and, also, counsel for Haire on OHLP's Motion and requested that the parties file a brief with respect to the fees, cost and sanctions associated with the Motion to Dismiss Involuntary Petition.

On June 11, 2008, OHLP filed its Brief in Support of its Motion (Doc. No. 116) and Haire filed his Brief in Opposition to OHLP's Motion to Determine the Amount of Fees, Cost and Sanctions (Doc. No. 115). OHLP seeks the following fees and cost to be awarded.

| | |
|---|---|
| David E. Hammer, P.A. (fees) | $43,000.00 |
| Johnson Transcription Services (costs) | $ 2,742.95 |
| A Pro Court Reporting (costs) | $ 1,283.00 |
| The Bleakley Law Firm (fees) | $ 9,074.00 |
| Stichter, Riedel, Blain & Prosser, P.A. (fees) | $ 1,420.00 |
| Kluger, Peretz, Kaplan & Berlin, P.L. (expert fees) | $ 1,000.00 |

The total amount of fees and cost being sought by OHLP is fifty-eight thousand five hundred nineteen dollars and ninety-five cents ($58,519.95). In addition, to the amount of fees and cost, OHLP also seeks interest accruing from April 7, 2008.

In support of its Motion, OHLP argues that an award of fees, cost and sanctions is absolutely warranted following the dismissal of an involuntary petition as having been filed in bad faith, especially in a case where the court has determine that such case was filed for the sole purpose of forum shopping. Counsel for OHLP also asserts that the fees requested are not excessive and, therefore, reasonable. Furthermore, OHLP contends that Haire should not be allowed to avoid paying attorneys' fees and costs by permitting Haire a setoff of an award against his judgment he obtained against OHLP in the State Court proceeding.

Haire in opposition to the OHLP's Motion asserts that the Debtor is not entitled

to an award of fees or cost pursuant to 11 U.S.C. § 303(i), given the circumstances under which Haire filed the Involuntary Petition against the Debtor. Furthermore, Haire proposes if this Court does award fees and/or cost to OHLP, he is entitled to a setoff against the judgment owed by OHLP. Haire contends that since fees and costs are an item of damages, they are subject to setoff as any other element of damages would be.

The Court has carefully considered the schedules submitted by counsel for the Debtor in conjunction with the performance of legal services rendered by counsel in this dismissed involuntary case. The Court now finds and concludes as follows:

■ As noted above, OHLP seeks the total amount of compensation for legal service rendered in the amount of $43,000.00, representing two hundred and fifteen (215) hours of services. In addition, counsel also seeks the reimbursement of cost in the total amount of $4,025.95.

Before analyzing specifics of any particular matter described as services and before determining the time necessary to perform those service, it should be noted at the outset that counsel for Debtor, contrary to the practices in this Court, has filed extensive briefs in support of his submissions. For instance, the Motion to Dismiss the Involuntary Petition which is a simple submission was accompanied by approximately eight (8) pages of Memorandum of Law. Counsel for OHLP cites numerous case law citations to support some basic propositions generally dealing with motions to dismiss an involuntary petition. A motion to dismiss is a simple matter in a case where there is only one petitioning creditor and one of the allegations are that there are more than twelve (12) creditors. Based on the foregoing, this Court is satisfied that the eight (8) hours being charged

for preparation of the Motion to Dismiss coupled with a memorandum which this Court finds to be unnecessary, and in excess to the reasonable amount allowed and, therefore, shall be reduced to four (4) hours or the total sum of $800.00.

Next, the application seeks reimbursement of six (6) hours to prepare and attend the preliminary hearing on the Motion to Dismiss. This Court's records reveals that the preliminary hearing lasted approximately 45 minutes and, therefore, six (6) hours is grossly excessive and the amount allowed shall not be more than one (1) hour or $200.00.

The application seeks the amount of $1,600.00 claiming eight (8) hours in preparation of the Motion to Remand to State Court filed in Adversary Proceeding 8:07–ap–00482–ALP (Doc. No. 8). It is clear from the reading of the Motion that it is replete with recitation of events in the State Court litigation between the parties. The basis for the remand by Haire was an attempt to "subvert" the legal process. There is nothing alleged in the Motion that the removal was made in bad faith by Haire with the possible exception that it was baseless because there was evidence of improper forum shopping. The Motion again was accompanied by a memorandum, contrary to the practice of this Court and, therefore, the eight (8) hours of services charged to prepare such Motion to Remand to State Court should not have been more than the maximum of three (3) hours or $600.00.

Counsel for OHLP also seeks reimbursement for Preparation and attendance at the preliminary hearing on the Motion to Remand. Counsel claims that six (6) hours was necessary for this particular service. The Court records indicate that the hearing was approximately 45 minutes in length and, therefore, no more than one

(1) hour or $200.00 in compensation should be allowed.

In additional to the extensive brief and memorandum filed by counsel for OHLP with respect to the Motion to Dismiss, counsel also submitted Memorandum of Law in Support of Motion to Dismiss Involuntary Petition as Filed in Bad Faith and for Costs, Attorneys; Fees, and Compensatory and Punitive Damages (Doc. No. 8). The submission is practically identical to the Motion to Dismiss (Doc. No. 5) for which counsel sought eight (8) hours for his services and now seeks an additional four (4) hours of compensation for this present submission. In light of the fact that the information provided was redundant, this Court is satisfied that counsel fees requested in the amount of $800.00 should not be compensated—however, if at all, one (1) hour or $200.00 should be allowed for services performed.

Counsel for OHLP seeks reimbursement for five (5) hours in connection with preparing and filing an Emergency Motion to Strike Haire's Brief in Opposition to Debtor's Motion to Dismiss Involuntary Petition as Filed in Bad Faith and for Costs, Attorneys' Fees, and Compensatory and Punitive Damages (Doc. No. 10). F.R.B.P. 7012(f) deals with Motions to Strike pleadings. Filing such a motion is only appropriate if a matter pertains to "pleading" which states an insufficient defense. Motions are not pleadings. Furthermore, F.R.B.P 7007 limits pleadings to a complaint and some other pleadings not relevant to the matter under consideration. Based on the foregoing, the Motion to Strike is improper and, therefore, no services should be compensated for filing the same. Equally, the preparation for the hearing on the Motion to Strike should also not be compensable.

Counsel for OHLP claims to have spent three (3) hours in researching joint admin-

istration. This Court is satisfied that such research should not be more than one (1) hour since the matter does not involve a substantive consolidation but merely procedural. Counsel also seeks reimbursement for two (2) hours to prepare and file a Motion to Continue Hearing on Motion for Joint Administration (Doc. No. 22). This Court has determined the amount of time to prepare such motion should be limited to one (1) hour or $200.00.

The submission by counsel also includes a charge for preparing for hearing on a Motion for Protective Order. Counsel seeks two and one-half (2.5) hours for his services. In addition, counsel is seeking to be reimbursed for eight (8) hours for preparing and attending the hearing on the Motion for Protective Order. The record indicates that the hearing on the Motion lasted approximately one hour and one-half. Therefore, the total amount devoted to this Motion and hearing should not exceed three (3) hours rather than the ten and one-half hour (10.5) hours requested thus, the total amount allowed should be $600.00.

Counsel seeks the total amount of $3,200.00 for sixteen (16) hours in preparing for the deposition of Haire and for the hearing on creditor's Motion to Strike. The Court has reviewed the record and finds that the deposition lasted approximately one (1) hour and thirty (30) minutes and the hearing on the Motion to Strike lasted approximately one (1) hour and ten (10) minutes. Therefore, this Court is satisfied that the charges are excessive and should not be more than six (6) hours at the rate of $200.00 per hour for the total sum of $1,200.00.

Counsel charged eight (8) hours for preparing Motion to Compel Haire to Answer Deposition Questions (Doc. No. 50). This Court considered the amount sought and has found the same to be excessive.

Based on the foregoing, this Court is satisfied the amount sought should not be more than four (4) hours for the total sum of $800.00.

In preparation for and attendance of the final evidentiary hearing on the Motion to Dismiss counsel seeks compensation for thirty-nine (39) total hours at the rate of $200.00 per hour for a total sum of $7,800.00. This Court has reviewed the record and has determined that the total amount of time actually spent at the hearing was three (3) hours and twenty-nine (29) minutes. Thus, this Court is satisfied that counsel should be compensated for his time attending the hearing coupled with two (2) hours in preparation of the same. Therefore, counsel is entitled to five (5) hours and thirty (30) minutes for his time in preparing for the hearing and attending the hearing. Thus, the total compensable sum is $1,100.00.

Counsel seeks reimbursement for twenty (20) hours at the rate of $200.00 per hour for preparation of post-trial brief and finalizing his post-trial brief. Thus, counsel is seeking $4,000.00 for performing these services. This Court is satisfied that the total amount sought is excessive and, therefore the amount allowed shall not be more than twelve (12) hours at the rate of $200.00 per hour for a total amount of $2,400.00.

To prepare the instant Motion under consideration counsel seeks the sum of $1,600.00 for eight (8) hours in services rendered. This submission includes affidavits from The Bleakley Law Firm, Stichter, Riedel, Blain & Prosser, P.A., and Kluger, Peretz, Kaplan & Berlin, P.L. This Court finds that the attached affidavits were unnecessary to the filing of this Motion and, therefore, not considered by the Court. Thus, the amount of time allotted for the preparation of this Motion shall be not more than six (6) hours at the rate of

$200.00 per hour for the total sum of $1,200.00.

■ On the Motion to Determine the Amount of Fees, Costs and Sanctions (Doc. No. 84) counsel also seeks reimbursement of fees associated with the State Court Cases. This Court has considered the amounts sought by counsel for OHLP and has determined that various fees sought by counsel are due to the State Court proceeding and not the involuntary case and, therefore, not compensable. Furthermore, the Court has determined that the following fees sought by counsel shall not be compensable.

- 11/06/2007  Attend Case Management Conference
- 11/26/2007  Confer with Bleakley
- 12/14/2007  Prepare and file Request for Judicial Notice
- 12/17/2007  Confer with Bleakley
- 01/03/2008  Prepare and attend Motion to Strike hearing
- 01/22/2008  Prepare and file Motion to Continue
- 08/14/2008  Dialogue with Gomez—Extension of Time

This Court is satisfied the following items not discussed above shall be reduced to one (1) hour of services rendered or $200.00 per entry.

- 01/27/2008  Prepare and file Verified Reply to Response to Petitioning Creditor's Motion to Strike
- 01/27/2008  Prepare and file Memorandum in Opposition to Petitioning Creditor's Motion to Strike
- 02/14/2008  Review and Respond to Motion to Quash Subpoena
- 04/07/2008  Review and disburse Order Dismissing Involuntary Petition

Therefore, the total amount allowed for the above reduced items is $800.00.

■ The reasonableness of an attorney fee is determined by considering the factors set forth and laid out in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The same factors were approved in the case of *In the Matter of First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir.), *cert. denied sub nom., Baddock v. American Benefit Life Ins. Co.*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). However, the Eleventh Circuit has refined the

standard to be used when determining attorneys' fees in accordance with the Supreme Court in the case of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In the case of *O'Rear v. American Family Life Assurance Company of Columbus, Inc., et al.*, 144 F.R.D. 410 (M.D.Fla.1992) the court emphasized that the "decision to award attorneys' fees should be placed on the more objective lodestar approach." *Id.* at 414. Thus, the additional factors to be considered by a court are: "1) direct evidence of fees charged by other lawyers in similar lawsuits; 2) opinion evidence; and 3) the twelve factors enumerated in *Johnson* 'to the extent that they suggest that comparables offered may be given to the comparables being offered the court.'" *Id.* (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1335 (11th Cir.1987).

The twelve factor set forth in *Johnson* are as follows:

(1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case. (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the underdesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–719.

■ Considering the *Johnson* factors in light of the foregoing, and starting with (1) *The time and labor required.* The Court finds that obviously this factor includes the time spent to prepare for the defense of

the Involuntary Petition. The Court notes that counsel performed extensive legal research on issues relating to bad faith dismissal, entitlement to attorneys' fees, costs and sanctions, the right and consequences of removal to the State Court cases and preparing for the final evidentiary hearing. As noted above, this Court is satisfied that the counsel should be compensated for items which are required to perform a particular task by a skilled person, not one who is learning and therefore spends an inordinate amount of time to perform the task.

(2) *The novelty and difficulty of legal question.* As noted above, this Court is satisfied that a motion to dismiss is a simple matter where there is only one petitioning creditor and, therefore, the pendency of this Chapter 7 case was not extremely difficult.

(3) The third factor is the *skill required to perform the legal services.* There is no question that counsel for the Debtor is well skilled and he was required to analyze the legal issues and prepare for hearings.

(4) The fourth factor is *preclusion of other employment of the attorney due to the acceptance of the case.* There is nothing in this record which even intimates that because the law firm agreed to represent this particular Involuntary Debtor they were precluded or prevented from accepting new clients or obtain other employment.

(5) The fifth factor is the *customary fee for similar work in the community.* This Court finds that the amount per hour sought by counsel is a customary fee charged by other attorneys of similar skill in the area. However, this Court further notes that the times sought to prepare for hearings is significant and, therefore, the time allotted does exceed the customary rate.

(6) The sixth item is *whether the fee is fixed or contingent.* The fees are certainly contingent since counsel for OHLP took this case without any expectation of payment other than by the Petitioning Creditor, Haire.

(7) The next *Johnson factor is the time limitation imposed by the client or the circumstances.* On this item, nothing appears from the record which would indicate that this factor should be given any weight.

(8) The eighth is *the amount involved and the results obtained.* There is no question that the amount of total indebtedness involved in this Involuntary Chapter 7 case is very substantial. Concerning the result achieved, certainly the result is substantial to the Debtor.

(9) Concerning the ninth factor, *the experience, reputation and ability of the attorney,* as indicated earlier there is no question that the law firm has obtained experience and expertise in representing this Debtor. Furthermore, counsel for OHLP has been admitted to practice in the Federal Court since August 23, 2006, or almost two (2) years. There is no record provided to this Court in which one can evaluate the performance of counsel. Although, noting from the fee application submitted by the attorney for OHLP, some of the services in which counsel seeks compensation are overdone and unnecessary. Considering the reputation of counsel, there is no evidence either pro or con before this Court and, therefore, generally speaking counsel is acceptable.

(10) The tenth *Johnson requirement is to consider the undesirability of the case.* Based on the foregoing and considering the extent of the attorney's involvement in this case, one would be hard pressed to urge that this was an undesirable case. Therefore, there is nothing is this record

that indicates that the representation of this type of matter is undesirable.

The final factors to consider are *the nature and length of the professional relationship* with the client and the *award in similar cases.*

(11) Absent any evidence to the contrary, it is fair to assume that this is the only case in this Court that the law firm was involved in with these Debtors.

(12) Lastly, the award. Although, counsel for the Debtor is placing great reliance on the fact that counsel for Haire did not challenge any specific items, neither did counsel for Haire challenge the amounts charged and time spent on the listed items. This Court has an independent duty to evaluate the value of the services rendered. While this Court concedes that the hourly rate of $200.00 for services rendered is reasonable, it is constrained to reject the claimed time spent on those services coupled with the necessity of time on services for which reductions are made.

Considering the totality of the submission and applying the *Johnson* factors on each specific item listed, this Court has concluded that the reasonable amount should not be more than eight-eight and one-half hours (88.5) hours at the rate of $200.00 per hours for the total sum of $17,700.00. as discussed earlier, there is no doubt that counsel for the Debtor is entitled to fees and cost associated with the representation of the involuntary Debtor. However, as the Court noted above, the fees requested for the benefit of The Bleakley Law Firm, Stichter, Riedel, Blain & Prosser, P.A., and Kluger, Peretz, Kaplan & Berlin, P.L., in the total amount of $11,494.00, involve the matters contested in the State Court litigations and, therefore, will not be considered by this Court.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the total amount of $21,725.95 be, and the same, is hereby awarded to David E. Hammer, P.A. for attorneys' fees and costs associated with the representation of the Debtor in relation to this Involuntary case.

ORDERED, ADJUDGED AND DECREED that Ernest B. Haire, III, be, and the same, is hereby instructed to pay the law firm of David E. Hammer, P.A. the total sum of $21,725.95 within thirty (30) days from the entry of this Order.

DONE AND ORDERED.