UNITED STATES of America,
Plaintiff,

v.

Ronald WADE, Defendant.

No. 6:95–CR–140–ORL22JGG.

United States District Court,
M.D. Florida,
Orlando Division.

May 27, 2003.

Roberta Kohn, Shapiro & Fishman, Tampa, FL, for Alliance Mortg. Co.

Emmett Jackson Boggs, Anita M. Cream, Carlos A. Perez, U.S. Attorney's Office, Middle Dist. of Florida, Orlando, FL, for U.S.

## ORDER

GLAZEBROOK, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion:

**MOTION: DEFENDANT RONALD WADE'S MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS* (Doc. No. 451)**

**FILED: April 28, 2003**

**THEREON** it is **ORDERED** that the motion be **GRANTED**.

## I. BACKGROUND

On June 27, 1995, the Drug Enforcement Administration ("DEA") seized $24,990.11 from defendant Ronald Wade's vehicle.[1] On July 1, 1996, the DEA initiated administrative forfeiture of the currency found in Wade's vehicle. Under the authority of 21 U.S.C. § 881, the DEA initiated administrative forfeiture proceedings as set forth in 19 U.S.C. § 1607. The DEA provided Wade with the required notice of his due process rights to contest the forfeiture of the $24,990.11. Wade failed to file a timely claim. Accordingly, on June 18, 1996, the DEA declared the forfeiture of the seized $24,990.11.

On July 5, 2001, Wade filed a *pro se* motion for return of the $24, 990.11. Docket No. 360. On July 10, 2001, the district court ordered the government to respond to Wade's motion by July 30, 2001. Docket No. 362. No response having been filed by the government, the Honorable Anne C. Conway granted Wade's motion on August 8, 2001 as unopposed. Docket No. 366. On September 4, 2001, the United States moved for reconsideration of the order to return the money to Wade. On September 24, 2001, Wade filed a motion to compel the return of seized properties. Docket No. 370. On October 10, 2001, Judge Conway referred[2] both matters to the Honorable James G. Glazebrook: 1.) the government's motion for reconsideration; and 2.) Wade's motion to compel the return of property. Docket No. 371.

Judge Glazebrook heard oral argument on October 30, 2001 as to whether the government should be permitted to oppose Wade's claim to the seized $24,990.11, given the government's earlier default. Judge Glazebrook found reconsideration warranted after finding that the United States did not intentionally ignore the district court's order directing the government to respond to Wade's motion for return of property. Accordingly, Judge Glazebrook granted the government's motion only as to reconsideration, but reserved for Judge Conway (after further briefing and oral argument before the magistrate judge, and after consideration of the report and recommendation and any objections) the determination as to whether her prior order should stand on reconsideration. *See* October 31, 2001 Endorsed Order; *see also* Minutes Entry at Docket No. 376.

Due to the procedural complexity of the matter, on October 31, 2001, the Court appointed Charles Greene, Esq. to assist the Court by representing Wade in the forfeiture matter pursuant to the Criminal Justice Act. Docket No. 377. Having appointed counsel, the Court denied Wade's *pro se* motion to compel the return of seized properties [Docket No. 370] without prejudice to refile by Wade's counsel. *See* October 31, 2001 Endorsed Order.

Noting that his counsel had not refiled a motion, on November 29, 2001, Wade filed another *pro se* motion to compel return of the seized property. Docket No. 382. On December 5, 2001, Judge Glazebrook held another hearing on Wade's motion for return of property. Docket No. 383. Attorney Greene represented Wade at the hearing. At the December 5 hearing, the

---

1. A detailed background of this case is provided in the undersigned's Report and Recommendation issued September 10, 2002. *See* Docket No. 428.

2. Judge Conway referred these motions to the magistrate judge "for the purpose of conducting a hearing, and for ruling, or if necessary, issuance of a Report and Recommendation." Docket No. 371.

Court proceeded to reconsider the substance of Wade's claim for the return of property. Greene, who had recently been appointed, made an oral request for an opportunity to brief the issues and for additional time to prepare for an evidentiary hearing. The Court granted Greene's request. Docket No. 383. The Court ordered Greene to file, on behalf of Wade, a renewed or amended motion for return of seized property by January 15, 2002. The Court denied Wade's *pro se* motion to compel [Docket No. 382].

On January 15, 2002, Greene filed a Renewed Motion to Compel the Return of Seized Property. Docket No. 391. In his renewed motion, Wade did not argue the merits of his claim to the money as ordered. Rather, Wade argued that the government had not shown good cause for reconsideration—a matter long ago resolved by the Court on October 30, 2001. On February 8, 2002, the government filed a memorandum opposing on the merits Wade's renewed motion for return of property. Docket No. 395.

On February 27, 2002, the Court held a full hearing on Wade's renewed motion for return of seized property. *See* Docket No. 397. The undersigned permitted Wade to argue the merits of the motion at the hearing, even though Wade had not briefed the merits in his memorandum in opposition. Wade argued that he was entitled to the return of his seized funds for two reasons. First, Wade claimed that the DEA illegally confiscated the funds during a stop and search of his vehicle. Second, Wade claimed that due to his multiple transfers between correctional facilities he had been denied notice and a meaningful opportunity to object to the DEA's administrative forfeiture.

At the end of the hearing, the Court allowed the parties until March 11, 2002 to submit any supplemental authority. On March 11, 2002, the government filed a notice of reliance on supplemental authorities. *See* Docket No. 400. Wade filed no supplemental memorandum.

On September 10, 2002, the undersigned issued a Report and Recommendation, recommending that Wade's motion for the return of the seized $24,990.11 be denied. The undersigned determined that the DEA provided Wade with adequate notice of the forfeiture proceedings. *See* Docket No. 429 at 19. The Court further found that it lacked jurisdiction to review the *merits* of the administrative forfeiture. *See id.*

On November 5, 2002, Judge Conway adopted and confirmed Judge Glazebrook's report and recommendation. *See* Docket No. 438. On November 18, 2002, Wade filed a motion for reconsideration of Judge Conway's November 5, 2002 order. Docket No. 439. On March 24, 2003, Judge Conway denied Wade's motion for reconsideration. Docket No. 446. Thereafter, on April 4, 2003, Wade filed a notice of appeal. Docket No. 447. Wade raises "insufficiency of counsel" as the only basis for his appeal. *See* Docket No. 451.

## II. *THE LAW*

 Generally, there is no constitutional right to "effective assistance of counsel" in civil cases. *See Mekdeci v. Merrell Nat'l Laboratories,* 711 F.2d 1510, 1522—23 (11th Cir.1983); *see also Sanchez v. United States Postal Serv.,* 785 F.2d 1236, 1237 (5th Cir.1986); *Allen v. Barnes Hosp.,* 721 F.2d 643, 644 (8th Cir.1983). An ancillary proceeding under 21 U.S.C. § 853(n) is essentially civil. *United States v. Douglas,* 55 F.3d 584, 586, n. 9 (11th Cir.1995). Likewise, a motion for return of property under Fed.R.Crim.P. 41(g) [3] is

**3.** Rule 41(g) provides in relevant part that:

essentially a civil proceeding. *U.S. v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir.2001). Because Wade's motion for the return of seized property and the related appeal are civil in nature, Wade has no constitutional right to "effective assistance of counsel."

■ Moreover, a Rule 41(g) motion for return of property constitutes a civil action *to which the fee provisions of the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (Supp.IV) apply.*[4] *United States v. Jones*, 215 F.3d 467 (4th Cir. 2000). Accordingly, Wade is subject to the PLRA fee provisions. 28 U.S.C. § 1915 and Fed. R.App. P. Rule 24 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Brown v. Pena*, 441 F.Supp. 1382, 1384 (S.D.Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir.1979).[5]

Section 1915(a) provides, in relevant part:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without pre-payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

\* \* \* \* \* \*

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a) (1996) (emphasis supplied). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I). Section 1915(e), 28 U.S.C., provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is un-true; or

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (1996).

Rule 24(a) of the Rules of Appellate Procedure provides, in part, that

a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal. If the district court grants the motion, the party may proceed on appeal without

---

**4.** The PLRA amended the *in forma pauperis* statute, 28 U.S.C.A. § 1915 (West Supp.1999), such that a prisoner who brings "a civil action"—a term not defined in the statute—or an appeal must pay the full filing fee. 28 U.S.C. § 1915(b)(1). The PLRA allows the prisoner to pay the filing fee in installments

through his prison account. *See* 28 U.S.C. § 1915(b)(1), (2).

**5.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**1318**

prepaying or giving security for fees and costs. If the district court denies the motion, it must state its reasons in writing.

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, **may proceed on appeal in forma pauperis without further authorization,** unless the district court finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

Fed.R.App.P. 24(a) (bold emphasis supplied).

### III. *APPLICATION*

■ As noted above, Wade's request for the return of the seized $24,990.11 constitutes a civil action, not a criminal action. Wade has made no showing that he is entitled to a Sixth Amendment right to counsel in connection with the civil, administrative forfeiture matter. This Court appointed counsel primarily to assist the Court to resolve some complex issues raised by Wade. Wade's claim of ineffective assistance of counsel is no grounds for an appeal. Nevertheless, this Court permitted Wade to proceed *in forma pauperis* and appointed counsel to represent Wade in the underlying criminal action [Docket No. 15], as well as the forfeiture-related proceedings [Docket No. 377]. Accordingly, pursuant to Fed.R.App.P. 24(a), Wade may proceed on appeal *in forma pauperis* without further authorization.

### IV. *CONCLUSION*

For the foregoing reasons, it is

**ORDERED** that defendant Ronald Wade's Motion to Proceed on Appeal *in*

*Forma Pauperis* [Docket No. 451] be **GRANTED.**