PER CURIAM.
Timothy Plaisted appeals from an order denying his motion for return of seized property. On appeal, the State argues that Plaisted’s motion was untimely. However, the State waived this argument by not raising it below. See generally, Williams v. State, 414 So.2d 509 (Fla.1982). In fact, the State ultimately agreed to the return of all property seized — without conceding that the property was still held by the State — except for $100.00 in cash.[1] With respect to the cash, the State argued that it should not be returned based on statements in Plaisted’s confession, where he admitted that he acquired the cash as a result of the criminal conduct for which he was prosecuted in the underlying case. Plaisted objected to the State’s use of his confession on grounds that it was obtained in violation of his constitutional rights. The trial court denied Plaisted’s motion without addressing the constitutional issue. We reverse for further proceedings.
On remand, the trial court is directed to first determine whether the non-cash personal property is still held by the State. See Bolden v. State, 875 So.2d 780, 782-83 (Fla. 2d DCA 2004) (“At the evi-dentiary hearing, the trial court must first ascertain whether the property was confiscated by a law enforcement agency in connection with a criminal prosecution and whether the property is still in the agency’s possession.”). If so, the property should be ordered returned to Plaisted in accordance with the State’s concession at the prior hearing. With respect to the cash, the trial court is directed to consider Plaisted’s constitutional challenge to the use of his confession at a new hearing. See, e.g., Alvarez v. City of Hialeah, 900 *150 So.2d 761 (Fla. 3d DCA 2006) (“The law is clear that the exclusionary rule applies to forfeiture proceedings ....”) (citations omitted).
Finally, we reject Plaisted’s argument that the trial court erred by failing to appoint counsel to represent him in connection with his motion for return of property. See United States v. Wade, 291 F.Supp.2d 1314, 1316-17 (M.D.Fla.2003) (holding that because a motion for return of seized property and related appeal are civil in nature, there is no constitutional right to counsel).
REVERSED AND REMANDED WITH INSTRUCTIONS.
ORFINGER, LAWSON and EVANDER, JJ., concur.

. The non-cash property consists of a “walk-man-type" CD player, a few commercially-produced music CDs and a few commercially-produced movies on DVD.